IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. TALAMANTES,<br>    Petitioner,<br>vs.<br>A. P. KANE, Warden,<br>    Respondent(s). | No. C 06-2601 CRB (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision of the Governor of the State of California to revoke a parole date granted him by the California Board of Prison Terms ("BPT").

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Los Angeles of second degree murder and, on September 25, 1991, was sentenced to 15 years to life in state prison.

Petitioner was found not suitable for parole the first time he appeared before the BPT on March 26, 2002. At his second parole suitability hearing on April 23, 2003, the BPT found him suitable for parole; however, then-governor Gray Davis reversed the BPT's determination.

On January 5, 2005, the BPT again found petitioner suitable for parole and set a parole date; however, Governor Schwarzenegger reversed the BPT's parole suitability determination and revoked the parole date.

Petitioner has unsuccessfully challenged the governor's decision in the state courts. On March 22, 2006, the Supreme Court of California denied review of his final petition for state habeas relief.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the decision of the Governor to revoke a parole date granted him by the BPT. Among other things, petitioner claims that the Governor's decision is not supported by the evidence. Liberally construed, petitioner's claims appear colorable under § 2254 and merit an answer from respondent. See <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902-03 (9th Cir. 2002) (decision to rescind previously-granted parole release date implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections); see also <u>Biggs v. Terhune</u>, 334 F.3d 910, 914-15 (9th Cir. 2003) (refusal to set parole date for prisoner implicated prisoner's liberty interest in release on parole).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED:  Aug. 30, 2006

CHARLES R. BREYER
United States District Judge